*Courtesy Copy*

Daniel Cooper (Bar No. 153576)
Martin McCarthy (Bar No. 194915)
LAWYERS FOR CLEAN WATER, INC.
1004 A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520 ext. 204
Fax: (415) 440-4155
Email: cleanwater@sfo.com

Counsel for Plaintiff VENTURA COASTKEEPER,
a program of the WISHTOYO FOUNDATION

Steven J. Cote´ (SBN 108251)
CHANG & COTE´, LLP
19138 Walnut Drive, Suite 100
Rowland Heights, CA 91748
Telephone: (626) 854-2112
Facsimile: (626) 854-2120
E-mail: SCOTE@CHANGCOTE.COM

Counsel for Defendants
CHING SAN TSAI, CHIN TZU TSAI

(Counsel for Defendants continued Next Page)

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA COASTKEEPER, a program of the WISHTOYO FOUNDATION, a non-profit corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>CHING SAN TSAI, an individual, CHIN TZU TSAI, an individual, CHING CHOU LIN, an individual, CHEN CHEN YI, an individual, and NICOLAS TENG, an individual,<br><br>       Defendants. | Case No.: CV 07-03848 MMM (RCx)<br><br>[Proposed] **CONSENT DECREE**<br><br>Judge: Hon. Margaret M. Morrow<br>Courtroom: 780- Roybal Federal Bldg. |

1   AND RELATED CROSS-CLAIM
2
3   _____
4
5   Charles L. Doerksen (SBN 135423)
    Robert J. Taylor (SBN 192202)
6   DOERKSEN TAYLOR LLP
    2100 Tulare Street, Suite 410
7   Fresno, California 93721
    Tel:  559 233 3434
8   Fax:  559 233 3939
9   E-mail:  cld@doerksentaylor.com
10
    Counsel for Defendants/Cross Complainants CHING CHOU LIN, an individual,
11  CHEN CHEN YI, an individual, and NICOLAS TENG, an individual
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Proposed] Consent Decree                    2                    CV 07-03848 MMM (RCx)

**WHEREAS**, Wishtoyo Foundation/Ventura Coastkeeper ("Coastkeeper" or "Plaintiff") is a non-profit corporation dedicated to the preservation, protection and defense of the environment, the wildlife, watersheds, Native American cultural resources, and receiving waters in Ventura County;

**WHEREAS**, defendants Ching Chou Lin, Chen Chen Yi, and Nicolas Teng (collectively "Lin Defendants") are the current owners and/or operators of the real property located at 3060 Somis Road, Somis, California, APN 163-0-010-785 (hereinafter "Somis Property");

**WHEREAS**, defendants Ching San Tsai and Chin Tzu Tsai are the former owners and operators of the Somis Property ("Tsai Defendants");

**WHEREAS**, on 7 February 2007, Coastkeeper sent Tsai Defendants and Lin Defendants, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board") the Regional Water Quality Control Board ("Regional Board"), and the District Commander of the U.S. Army Corps of Engineers ("the Corps") a written notice of intent to file suit ("60-Day Notice") under Sections 505(a) and (b) of the CWA, 33 U.S.C. § 1365(a) and (b). The 60-Day Notice alleged that Tsai Defendants and Lin Defendants had in the past and in fact continue to violate Sections 301(a) and 404 of the Act, 33 U.S.C. §§ 1311(a) and 1344, through the discharge of dredged and/or fill material into Receiving Waters without applying for or obtaining a permit issued pursuant to Section 404 of the CWA, 33 U.S.C. §1344, ("404 Permit") in violation of the Act, and that Tsai Defendants and Lin Defendants had in the past and were continuing to violate Section 401(a)(1) of the CWA, 33 U.S.C. § 1341(a)(1), by failing to apply for and obtain a State water quality certification ("401 Certification") or a waiver thereof from the State in which the discharges occurred prior to discharging into waters of the United States;

**WHEREAS**, on 13 June 2007, Coastkeeper filed a complaint against Tsai Defendants in the United States District Court, Central District of California (Civil

[Proposed] Consent Decree          3          CV 07-03848 MMM (RCx)

1    Case No. CV 07-03848 MMM (RCx)) entitled *Ventura Coastkeeper v. Ching San Tsai*

2    *et al.*, ("Complaint");

3    **WHEREAS,** on 5 July 2007, Coastkeeper filed a First Amended Complaint

4    ("FAC" or "action") against Tsai Defendants and Lin Defendants, having the same

5    case name and Case number as that set forth above;

6    **WHEREAS,** Coastkeeper's First Amended Complaint alleges that Tsai

7    Defendants' and Lin Defendants' operations at the Somis Property have resulted in and

8    continue to result in discharges of pollutants to the Arroyo Las Posas and to Calleguas

9    Creek, which are tributaries to Mugu Lagoon (collectively referred to as the

10    "Receiving Waters"), a navigable in-fact water of the United States, and that Tsai

11    Defendants' and Lin Defendants' discharges are therefore regulated by the Federal

12    Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("CWA" or "Act"), Sections

13    301(a) and 404, 33 U.S.C §§ 1311(a), 1344;

14    **WHEREAS,** Tsai Defendants and Lin Defendants deny all allegations of the

15    Complaint;

16    **WHEREAS,** Coastkeeper, Tsai Defendants and Lin Defendants (collectively

17    referred to herein as the "Parties" or "Parties") have agreed that it is in the Parties'

18    mutual interest to enter into a Consent Decree setting forth terms and conditions

19    appropriate to resolving the allegations set forth in the Complaint without further

20    proceedings;

21    WHEREAS, Lin Defendants agree to cooperate with all Parties and governmental

22    and non-governmental agencies, as reasonably necessary, to allow the Tsai Defendants

23    to obtain all required permits and complete the remediation contemplated herein, and

24    will, as necessary, apply for, obtain, and comply with any and all permits required

25    hereunder to accomplish the purposes and intent of this Consent Decree;

26    **WHEREAS,** this Consent Decree shall be submitted to the United States

27    Department of Justice for the statutory review period pursuant to 33 U.S.C. § 1365(c);

28

---

[Proposed] Consent Decree          4          CV 07-03848 MMM (RCx)

**WHEREAS**, all actions taken by Tsai Defendants and/or Lin Defendants pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.   The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the Act, 33 U.S.C. § 1365(a)(1)(A);

2.   Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the Act, 33 U.S.C. §1365(c)(1), because the Somis Property at which the alleged violations took place is located within this District;

3.   The First Amended Complaint states a claim upon which relief may be granted against Tsai Defendants pursuant to Section 505 of the Act, 33 U.S.C. § 1365;

4.   Coastkeeper has standing to bring this action.

5.   The Court has jurisdiction to enforce the terms of this Consent Decree.

**I.   OBJECTIVES**

6.   It is the express purpose of the Parties entering into this Consent Decree to further the objectives set forth in Section 101 *et seq.* of the CWA, 33 U.S.C. § 1251 *et seq.*, and to resolve those issues alleged by Coastkeeper in its FAC.  In light of these objectives and as set forth fully below,  the Parties agree, *inter alia*, to comply with the provisions of this Consent Decree; to use sound management, operational, and maintenance practices to implement all the requirements of this Consent Decree; and to achieve expeditious implementation of the provisions of this Consent Decree for the purpose of achieving full compliance with the terms of the Clean Water Act relating to discharges of dredged and/or fill material and eliminating unpermitted discharges and to prevent water quality impacts associated with dredged and/or fill material removal activities at the Somis Property.

---

## II.   COMMITMENTS OF THE PARTIES

### A.   Dredge and Fill Permit

7.     Within ninety (90) days of the Effective Date of this Consent Decree, Tsai Defendants agree to submit a complete application for a Clean Water Act 404 Permit to the U.S. Army Corps of Engineers in the manner required by law.  Within ninety (90) days of the Effective Date of this Consent Decree, Tsai Defendants also agree to submit a complete application for a Clean Water Act 401 Certification to the Regional Board in the manner required by law.  Tsai Defendants and Lin Defendants further agree to diligently take all steps necessary to obtain and comply with the 404 Permit and 401 Certification through completion of the project.  Tsai Defendants and Lin Defendants shall not perform or permit performance of any work that involves the dredging and/or filling and/or excavating of the Arroyo Las Posas prior to obtaining these required permits.

8.     Tsai Defendants acknowledge that in order to properly apply for and obtain the required Clean Water Acts permits, they must retain a competent consultant, engineer, or firm with experience in Clean Water Act dredge and/or fill requirements and compliance with the Construction Permit.  The Parties agree that M3 Civil, Inc., assisted by qualified consultants, satisfies this requirement, and that M3 Civil, Inc., will apply for, obtain, and supervise compliance with the required 404 Permit and 401 Certification at the Somis Property.

9.     In submitting complete applications for the required 404 Permit and 401 Certification (collectively "Permits"), Tsai Defendants agree to apply for after-the-fact Permits or other appropriate permits that include a permit coverage area of at least 6.4 acres of Receiving Waters at the Somis Property.  Tsai Defendants shall also   prepare and submit a removal/remediation plan to the Corps and the Regional Board calling for the removal of at least 2.73 acres of imported fill materials consisting of soil, rock, sand, discarded building materials and debris (including, but not limited to, concrete, rebar, gypsum board, lumber, pipe, tile, and polished counter tops) and other refuse

1    and debris discharged into Receiving Waters below the Ordinary High Water Mark

2    without a 404 Permit or a 401 Certification.  Tsai Defendants further agree that, as part

3    of the complete permit applications to the Corps and to the Regional Board, Tsai

4    Defendants shall include the set of aerial photographs of the Somis Property attached

5    hereto as "Exhibit A."

6         10.    Once permit coverage is obtained, Tsai Defendants agree to remove at least

7    2.73 acres of imported fill materials consisting of soil, rock, sand, discarded building

8    materials and debris (including, but not limited to, concrete, rebar, gypsum board,

9    lumber, pipe, tile, and polished counter tops) and other refuse and debris discharged

10   into Receiving Waters below the Ordinary High Water Mark.  Removal of any

11   construction debris, refuse, and other fill dredged and/or fill materials from Receiving

12   Waters shall be conducted only during the dry season (defined as June 1 to September

13   30).  Work to be conducted in Receiving Waters shall be commenced as soon as

14   practicable. Tsai Defendants shall complete the removal and restoration work to be

15   conducted in Receiving Waters no later than the first dry season following receipt of

16   the required permits.  If such work cannot be completed during the dry season, work

17   shall be suspended for the wet season, and the areas in Receiving Waters where work

18   has been performed shall be stabilized.

19        11.    All construction debris and refuse removed from the Receiving Waters at

20   the Somis Property shall be disposed of at an off-site location in compliance with all

21   applicable state, federal and local laws.  All clean fill material  removed from

22   Receiving Waters at the Somis Property shall be deposited at a suitable location on the

23   Somis Property,  in adherence with the all associated Permits.  All clean fill material so

24   deposited shall be stabilized to a slope of not greater than 2:1 ratio.  Bonded Fiber

25   Matrix ("BFM") shall be promptly applied to this area, and the area seeded with native

26   vegetation appropriate for the soil type.

27        12.    Upon completion of the removal of the 2.73 acres of materials described

28   above, Tsai Defendants agree to restore all areas disturbed by the removal and/or

---

[Proposed] Consent Decree       7       CV 07-03848 MMM (RCx)

1  remediation work at the Somis Property to a natural condition using native local

2  vegetation and to do so under the on-site direction of a qualified consultant.  Tsai

3  Defendants shall give Coastkeeper at least thirty (30) days notice prior to doing any

4  such re-vegetative activities at the Property.

5       **B.**    **NPDES Permit Application**

6       13.    At least 120 days prior to conducting soil-disturbing activities on the Somis

7  Property, Tsai Defendants agree to file a Notice of Intent ("NOI") to obtain permit

8  coverage under California's General Permit for Discharges Associated with

9  Construction Activities ("Construction Permit")[1], and to regulate their soil disturbing

10  activities on the Property during engagement of such activities.  Tsai Defendants agree

11  to comply with all of the requirements of the Construction Permit and the Clean Water

12  Act.

13       14.    At least 90 days prior to engaging in any soil disturbing activities on the

14  Property, Tsai Defendants agree to submit to Coastkeeper a Storm Water Pollution

15  Prevention Plan ("SWPPP") that meets the requirements of the Construction Permit

16  and this Consent Decree.  Within twenty-one (21) days of receiving Tsai Defendants'

17  SWPPP, Coastkeeper shall provide written comments to Tsai Defendants and to Lin

18  Defendants.  Tsai Defendants agree to make good faith efforts to either incorporate

19  Coastkeeper's comments into the SWPPP or, in any instance in which they disagree

20  with Coastkeeper's comments, provide a written basis for not incorporating those

21  comments. Tsai Defendants will have incorporated Coastkeeper's comment, or

22  responded why such comments are not incorporated within fourteen (14) days of

23  receipt of Coastkeeper's comments.  If the Parties cannot agree on the adequacy of the

24  SWPPP, either party shall have the right to invoke the dispute resolution procedures

25

26  [1] *The Construction Permit is NPDES General Permit No. CAS000002, State Water*

27  *Resources Control Board Order No. 99-08-DWQ, as modified by the document entitled:*
*"Modification to Water Quality Order 99-08-DWQ, NPDES Permit for Storm Water*

28  *Discharges Associated with Construction Activity."*

1 described herein. Tsai Defendants shall revise their SWPPP as necessary and resubmit

2 it to Coastkeeper for comment according to the timeline set forth herein.

3     15.    Tsai Defendants shall not perform or permit performance of any soil

4 disturbing activities at the Property prior to obtaining Construction Permit coverage,

5 and prior to developing and implementing a SWPPP, with the appropriate BMPs, that

6 meets the requirements of the Construction Permit and this Consent Decree.

7     **C.**    **Development and Implementation of BMPs**

8     16.    Prior to conducting soil-disturbing activities, Tsai Defendants agree to

9 develop and implement BMPs to eliminate and/or reduce the pollutants in discharges

10 or prevent discharges from the Property. Tsai Defendants also agree to develop and

11 implement BMPs that achieve compliance with the Construction Permit, and this

12 Consent Decree including but not limited to developing BMPs to achieve compliance

13 with applicable water quality standards such as those set forth in the *Water Quality*

14 *Control Plan, Los Angeles Region, (1994)* ("Basin Plan"), the California Toxics Rule

15 ("CTR"), 40 C.F.R. § 131.38, and/or a Statewide Water Quality Control Plan. Tsai

16 Defendants agree in all other instances to conduct activities in good faith and

17 consistent with the stated mission and goals of Coastkeeper as stated herein.

18     17.    Tsai Defendants shall stabilize the banks of the Arroyo Las Posas at  the

19 Somis Property that are  disturbed during soil disturbing activities at the Somis

20 Property with local native vegetation.  All such stabilization work shall be performed

21 by or under the on-site direction of a qualified consultant, and in compliance with all

22 applicable permits, including but not limited to those noted herein.  Tsai Defendants

23 shall give Plaintiffs at least thirty (30) days notice prior to doing any re-vegetative

24 activities at the Property.

25     **D.**    **BMP Maintenance, Inspections, and Sampling**

26     18.    <u>BMP Maintenance</u>.  As set forth in Section B.3 of the Construction Permit,

27 Tsai Defendants or Tsai Defendants' agent(s) who are qualified and familiar and

28 experienced with the Construction Permit, and applicable provisions of the Clean

---

[Proposed] Consent Decree                 9                 CV 07-03848 MMM (RCx)

1  Water Act (hereinafter "Qualified Agent") shall inspect all BMPs at the Property prior

2  to each anticipated rain event, daily during extended storm events, within 24 hours

3  after the storm event has ceased, and monthly during the dry season (defined as June 1

4  – September 30), to ensure proper implementation and effectiveness of BMPs.  Any

5  BMP that is temporarily altered or otherwise in need of repair or replacement shall be

6  restored, repaired and/or replaced as soon as possible, ensuring that the restoration,

7  replacement or repair shall occur prior to the next rain event. Tsai Defendants agree to

8  generate a report for each inspection detailing the conditions of the BMPs observed

9  during the inspection.

10        **E.      <u>Reporting and Compliance Monitoring</u>**

11        19.      For the life of this Consent Decree, Tsai Defendants shall provide Plaintiffs

12  with documents required and contemplated by this Consent Decree, and documents

13  relating to development of the Property or local, state or federal permitting for the

14  Property.  Storm water sampling and testing results shall be provided within seven (7)

15  days of Tsai Defendants' receipt of such information.

16        20.      <u>Site Inspections</u>. Tsai Defendants and and Lin Defendants agree that

17  Coastkeeper, accompanied by its water quality engineer, its attorney(s), and other

18  representatives, may conduct up to two (2) onsite inspections at the Property during

19  each calendar year.  Coastkeeper shall provide Tsai Defendants and Lin Defendants

20  with at least twenty-four (24) hours notice prior to each inspection.  During the site

21  inspection, Coastkeeper or its representatives may collect samples of storm water

22  discharges from the Property.  A certified California laboratory shall analyze storm

23  water samples collected by Coastkeeper.  Coastkeeper will submit results of the

24  sampling conducted during the inspection to Tsai Defendants and Lin Defendants

25  within fourteen (14) days of receipt of the sampling results.  Coastkeeper shall make

26  every reasonable effort to ensure that its inspections are scheduled in such a manner as

27  to allow Tsai Defendants and Lin Defenants or their consultant to be present during the

28  inspections.

---

[Proposed] Consent Decree                      10                      CV 07-03848 MMM (RCx)

**F.  Civil Penalty and Litigation Fees**

21.    Within ten (10) days of the Effective Date of this Consent Decree Tsai Defendants agree to pay a civil penalty in the sum of ten thousand dollars ($10,000.00).  Within seven (7) days of paying the civil penalty, Tsai Defendants shall inform all Parties in writing that payment of the civil penalty has been made, and shall provide a copy of said payment to all Parties.

22.    Within ten (10) days of the Effective Date of the Consent Decree, Tsai Defendants shall reimburse Coastkeeper the sum of ninety-five thousand ($95,000.00) for its litigation fees and costs incurred in this Action.  Payment shall be made to the Lawyers for Clean Water Attorney Client Trust Account, and mailed to Lawyers for Clean Water, Inc., 1004 O'Reilly Avenue, San Francisco, California, 94129.

**G.    Commitments of Plaintiff**

23.    Stipulated Dismissal.  Within ten (10) days of the execution of this Consent Decree by the parties, Plaintiff shall file this Consent Decree and attached [proposed] Order with the United States District Court for the Central District of California ("District Court").

24.    Review by Federal Agencies.  Plaintiff shall submit this Consent Decree to EPA and the U.S. Department of Justice ("DOJ") within three (3) days of the execution of this Consent Decree for review consistent with 40 C.F.R. § 135.5.  In the event that EPA or DOJ comments negatively on the provisions of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by EPA or DOJ.

**H.    Dispute Resolution**

25.    This Court shall retain jurisdiction over this matter for the purposes of implementing and enforcing the terms and conditions of this Consent Decree, and adjudicating all disputes among the parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

26.    A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other parties in writing of the matter(s) in dispute and of the party's intention to resolve the dispute under this Section.  The parties shall then meet and confer in an attempt to resolve the dispute informally over a period of fourteen (14) calendar days from the date of the notice.

27.    If the parties cannot resolve a dispute by end of meet and confer informal negotiations, the party invoking the dispute resolution provision shall provide notice to the other party that it intends to invoke formal dispute resolution by filing a motion before the United States District Court for the Central District of California.  The parties shall jointly apply to the Court for an expedited hearing schedule on the motion.

28.    If any Party initiates a motion or proceeding before the Court relating to enforcement of the terms and conditions of this Consent Decree, the Court shall award fees incurred to enforce the terms of this Consent Decree consistent with the provisions of Sections 505 and 309 of the CWA, 33 U.S.C. §1365 and § 1319.

## III.    RETENTION OF JURISDICTION AND TERMINATION

29.    The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying or enforcing the terms of this Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree filed within 60 days after completion of the obligations set forth in the Decree. This Consent Decree shall terminate by order of the Court upon a joint motion of the parties no sooner than 60 days after completion of construction activity.

## IV.    MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

30.    In consideration of the above, upon the Effective Date of this Consent Decree, the Parties hereby fully release, except for claims for the Tsai Defendants' and Lin Defendants' failure to comply with this Consent Decree and as expressly provided below, each other and their respective successors, assigns, officers, agents, employees,

---

1    and all persons, firms and corporations having an interest in them, from any and all

2    alleged CWA violations that have or could have been claimed in the Complaint, known

3    or unknown, up to and including the Effective Date of this Consent Decree.

4         31.    Nothing in this Consent Decree limits or otherwise affects Plaintiff's right

5    to address or take any position that it deems necessary or appropriate in any formal or

6    informal proceeding before the Regional Board, EPA, or any other judicial or

7    administrative body on any other matter relating to Tsai Defendants or Lin Defendants.

8    **V.    MISCELLANEOUS PROVISIONS**

9         32.    Neither the Consent Decree nor any payment pursuant to the Consent

10   Decree shall constitute or be construed as a finding, adjudication, or acknowledgment of

11   any fact, law, or liability, nor shall it be construed as an admission of violation of any

12   law, rule, or regulation. Tsai Defendants and Lin Defendants maintain and reserve all

13   defenses they may have to any alleged violations that may be raised in the future.

14        33.    Construction.  The language in all parts of this Consent Decree shall be

15   construed according to its plain and ordinary meaning, except as to those terms defined

16   in the Construction Storm Water Permit, the Clean Water Act, or specifically herein.

17        34.    Choice of Law.  The laws of the United States shall govern this Consent

18   Decree.

19        35.    Severability.  In the event that any provision, paragraph, section, or

20   sentence of this Consent Decree is held by a court to be unenforceable, the validity of

21   the enforceable provisions shall not be adversely affected.

22        36.    Correspondence.  All notices required herein or any other correspondence

23   pertaining to this Consent Decree shall be sent by regular, certified, or overnight mail as

24   follows:

25        If to Plaintiff:

26        Daniel G. Cooper, Esq.
          Lawyers for Clean Water, Inc.
27        1004 O'Reilly Ave.
          San Francisco, CA 94129
28

---

[Proposed] Consent Decree                    13                    CV 07-03848 MMM (RCx)

With copies to:

Mati Waiya
Wishtoyo Foundation/Ventura Coastkeeper
1591 Spinnaker Drive, Suite 203
Ventura, CA 93001


If to Tsai Defendants:
Steven J. Cote´
Chang & Cote´ LLP
19138 Walnut Drive, Suite 100
Rowland Heights, CA 91748


With Copies to:
Ching San Tsai
Chin Tzu Tsai
585 Arboles Lane
San Marino, CA 91108


If to Lin Defendants:
Charles L. Doerksen
Doerksen & Taylor LLP
2100 Tulare Street, Suite 410
Fresno, CA 93721

With Copies to:
Nicolas Teng
3821 Calle Cita
Santa Barbara, California 93110

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail or deposited with an overnight mail/delivery service.  Any change of address or addresses shall be communicated in the manner described above for giving notices.  In addition, the Parties may agree to transmit documents electronically or by facsimile.

---

[Proposed] Consent Decree                    14                    CV 07-03848 MMM (RCx)

37.   Effect of Consent Decree.  Plaintiff does not, by its consent to this Consent Decree, warrant or aver in any manner that the Tsai Defendants' and Lin Defendants' compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation.  Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of the Tsai Defendants and Lin Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

38.   Counterparts.  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

39.   Modification of the Consent Decree.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties.

40.   Full Settlement.  This Consent Decree constitutes a full and final settlement of this matter.

41.   Integration Clause.  This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

42.   Authority.  The undersigned representatives for the Parties each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

43.   The provisions of this Consent Decree apply to and bind the Parties, including any successors or assigns.  The Parties certify that their undersigned

1   representatives are fully authorized to enter into this Consent Decree, to execute it on

2   behalf of the Parties, and to legally bind the Parties to its terms.

3       44.   No party to this Consent Decree shall be considered to be in default in the

4   performance of any of its obligations under this Consent Decree when a failure to

5   perform is due to a "Force Majeure." A Force Majeure event is any circumstances

6   beyond the party's reasonable control, including, any act of God, war, fire, earthquake,

7   flood, and restraint by court order or public authority

8       45.   The Parties agree to be bound by this Consent Decree and not to contest its

9   validity in any subsequent proceeding to implement or enforce its terms. By entering

10  into this Consent Decree, the Tsai Defendants and Lin Defendants do not admit liability

11  for any purpose as to any allegation or matter arising out of this Action.

12      46.   The term "Effective Date," as used in this Consent Decree, shall mean the

13  date it is signed and entered by the Court.

14

15

16      The undersigned representatives for the Parties each certify that he/she is fully

17  authorized by the party whom he/she represents to enter into the terms and conditions

18  of this Consent Decree and that this Consent Decree binds that party.

19      IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as

20  of the date first set forth above.

21

22                                  LAWYERS FOR CLEAN WATER, INC.

23                                  /s/ Daniel Cooper

24  Dated: 8 May 2008              _____

25                                  Daniel Cooper
                                    Martin McCarthy
26                                  Attorneys for Plaintiff
                                    Wishtoyo Foundation/Ventura Coastkeeper

27

28

---

[Proposed] Consent Decree            16            CV 07-03848 MMM (RCx)

1

2

3

4 Dated: 6 May 2008

5

6

7

8

9

10

11 Dated: 6 May 2008

12

13

14

15

16

17 Dated: 6 May 2008

18

19

20

21

22

23 Dated: 6th May 2008

24

25

26

27

28

WISHTOYO FOUNDATION/VENTURA COASTKEEPER

/s/ Mati Waiya
by: _____
Mati Waiya
Wishtoyo Foundation/Ventura Coastkeeper

CHANG & COTE´ LLP

/s/ Steven J. Cote´
_____
Steven J. Cote´
CHANG & COTE´, LLP
Attorneys for Defendants
Ching San Tsai and Chin Tzu Tsai

TSAI DEFENDANTS

/s/ Ching San Tsai
by: _____
Ching San Tsai
Tsai Defendants

DOERKSEN TAYLOR LLP

/s/ Charles L. Doerksen
_____
Charles L. Doerksen
Robert Taylor
Doerksen Taylor
Attorneys for Defendants/Cross
Complainants, Ching Chou Lin, Chen Chen
Yi, and Nicolas Teng

1

## LIN DEFENDANTS

2

3                                          /s/ Nicolas Teng

Dated:  7th  May 2008          by:  _____

4                                          Nicolas Teng

5                                          Lin Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



APN: 163-0-010-785
TSAI PROPERTY
SEPT. 2004 AERIAL MAP

Ventura County
Resource Management Agency
GIS Development & Mapping Services
Map printed on 08/06/2007
This aerial imagery is under the
copyrights of AirPhotoUSA
Source: AirPhotoUSA September 2004

Disclaimer: this map was created by the Ventura County Resource
Management Agency, Mapping Services - GIS which is designed
and operated solely for the convenience of the County and related
public agencies. The County does not warrant the accuracy of this
map and no decision involving a risk of economic loss or physical
injury should be made in reliance therein

Exhibit A
Page 1 of 4



Ventura County
Resource Management Agency
GIS Development & Mapping Services
Map printed on 08/06/2007
This aerial imagery is under the
copyrights of AirPhotoUSA
Source: AirPhotoUSA, June 2006




**APN: 163-0-010-785**
**TSAI PROPERTY**
**SEPT. 2005 AERIAL MAP**

0        300        600 Feet

Disclaimer: this map was created by the Ventura County Resource
Management Agency, Mapping Services - GIS, which is designed
and operated solely for the convenience of the County and related
public agencies. The County does not warrant the accuracy of this
map and no decision involving a risk of economic loss or physical
injury should be made in reliance therein.

N

EXHIBIT A
Page 2 of 4



 

**APN: 163-0-010-785**
**TSAI PROPERTY**
**JUNE 2006 AERIAL MAP**

Ventura County
Resource Management Agency
GIS Development & Mapping Services
Map printed on 08/06/2007
This aerial imagery is under the
copyrights of AirPhotoUSA
Source: AirPhotoUSA, June 2006

Disclaimer: this map was created by the Ventura County Resource
Management Agency, Mapping Services - GIS, which is designed
and operated solely for the convenience of the County and related
public agencies. The County does not warrant the accuracy of this
map and no decision involving a risk of economic loss or physical
injury should be made in reliance therein

Exhibit A
Page 3 of 4



**APN: 163-0-010-785**
**3060 Somis Rd, Camarillo, CA 93012**
**July 2007 Aerial Photography Map**

Ventura County
Resource Management Agency
GIS Development & Mapping Services
Map created on 03/27/2008
This aerial imagery is under the
copyrights of AirPhotoUSA.
Source: AirPhotoUSA, July 2007

*Exhibit A.*



From: cacd_ecfmail@cacd.uscourts.gov MMM-RC    Document 34    Filed 05/14/08    Page 23 of 24    Page ID #:84
To: ecfnef@cacd.uscourts.gov
Date: 05/09/2008 10:51 AM
Subject: Activity in Case 2:07-cv-03848-MMM-RC Ventura Coastkeeper v. Ching San Tsai et al Settlement Agreement

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by McCarthy, Martin on 5/9/2008 at 10:51 AM PDT and filed on 5/9/2008

**Case Name:** Ventura Coastkeeper v. Ching San Tsai et al
**Case Number:** 2:07-cv-3848
**Filer:** Ventura Coastkeeper
**WARNING: CASE CLOSED on 04/08/2008**
**Document Number:** 32

**Docket Text:**
SETTLEMENT AGREEMENT *(Proposed) Consent Decree* filed by Plaintiff Ventura Coastkeeper. (Attachments: # (1) Exhibit aeria photos# (2) Exhibit signatures of parties# (3) Letter Notice of 45 Day Comment Period# (4) Proposed Order)(McCarthy, Martin)

**2:07-cv-3848 Notice has been electronically mailed to:**

Daniel G Cooper    cleanwater@sfo.com

Steven J Cote    scote@changcote.com

Charles L Doerksen    cld@doerksentaylor.com

Layne K Friedrich    layne@lawyersforcleanwater.com

Martin D McCarthy    martin@lawyersforcleanwater.com, martin_mccarthy@yahoo.com

**2:07-cv-3848 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Ventura Coastkeeper v Tsai et al_Consent Decree_Filed.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/9/2008] [FileNumber=5827630-0]
[7eeb47e8365b3ef44f4a6d53896ead9545ee7d5083350933d1c62c3a638ca27e2f6f2
6ca7a794dff582038141ea101e9418927320b294e6de7087dc7402a3012]]
**Document description:** Exhibit aeria photos
**Original filename:** /Martin's Files/Ventura Coastkeeper/Calleguas Creek/TSAI:LIN/PLEADINGS/Cons Dec and Corresp/Consent Dec Filing/Exhibit A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/9/2008] [FileNumber=5827630-1]
[795b7b0ebb54cbcbea3b5558760b148dbdae2e9c634cd0004d7d2bd6ffec359900865
7961c8e8acd72f5d1329b46e735c731af7a0740d29a6bb28bdf0b111942]]

**Document description:**Exhibit signatures of parties
**Original filename:**/Martin's Files/Ventura Coastkeeper/Calleguas Creek/TSAI:LIN/PLEADINGS/Cons Dec and Corresp/Consent Dec Filing/ExhB_signature pages.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/9/2008] [FileNumber=5827630-2]
[145704f8b7cff7a36cbe8f7a5d41ffc10ce3d3b5dd01d34a333e0b381daaba743b268
e72f327fb89d56a51eca1c94f8b02fd1a299a0bfff8aaea9c64a153c5d9]]
**Document description:**Letter Notice of 45 Day Comment Period
**Original filename:**/Martin's Files/Ventura Coastkeeper/Calleguas Creek/TSAI:LIN/PLEADINGS/Cons Dec and Corresp/Consent Dec Filing/VCK v Tsai et al_45 DAY NOTICE_as filed.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/9/2008] [FileNumber=5827630-3]
[2b858d771d3b440f321c025f9d663e14a48fa1db6830f5473ed458f6df47828b7c666
19cfa12bd01969077d4ec398ea0d331f845fca06e5f82917eebf4db09ae]]
**Document description:**Proposed Order
**Original filename:**/Martin's Files/Ventura Coastkeeper/Calleguas Creek/TSAI:LIN/PLEADINGS/Cons Dec and Corresp/Consent Dec Filing/VCK v Tsai_Prop ORDER_as filed.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/9/2008] [FileNumber=5827630-4]
[7d8f4820549911e5b32abe2ac9551b5a14b2ab54c7bb9fbc30dfbc149668fb56eb54e
856c3e610c9e063ed59b7f6c227ff0e5d3de80b3cbf5464a2e66869759e]]